IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH MELVIN CHERCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-00421-BL |
| | ) | |
| MANDY JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Melvin Cherch, a prisoner proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A,[1] and for the reasons explained below, this case will be **DISMISSED** without prejudice based on the *Younger* abstention doctrine and prosecutorial immunity.

## I.    THE COMPLAINT

The Complaint names Assistant District Attorney Mandy Johnson as the sole defendant. (Doc. 1 at 1 & 2). The Plaintiff alleges that his state court criminal proceeding has been delayed due to "stall tactics such as mental evaluations because of denial of plea agreement and demanding trial." (*Id*. at 3). He believes Defendant

---

[1] Under these statutes, the Court is required to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Johnson is responsible for continuing his criminal case with assistance from the presiding judge and his appointed defense counsel. (*Id.* at 5). He further alleges that Defendant Johnson "perjured testimony to grand jury to gain trafficking indictment" and that he was given "a million dollar bond which is excessive for 27.1 grams." (*Id.* at 3 & 5). Finally, the Plaintiff states that he is suffering from illegal detention and "intimidation by incarceration to force a plea agreement and dismiss civil lawsuits." (*Id.* at 3). As a result, he believes his Sixth, Seventh, Eighth, and Fourteenth Amendment rights have been violated. (*Id.* at 3–5). As relief, he seeks monetary damages. (*Id.* at 6).

## II. DISCUSSION

### a. The *Younger* Abstention Doctrine

As an initial matter, the Plaintiff's claims are due to be dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (citing *Younger*, 401 U.S. at 43–45). Absent extraordinary circumstances, abstention under *Younger* is required when three conditions are met: (1) the state judicial proceeding is ongoing, (2) the proceeding implicates important state interests, and (3) the state provides an adequate opportunity to raise the

constitutional challenge. *See id.* These conditions are satisfied here, as the Plaintiff alleges that his criminal proceeding remains pending; the criminal prosecution of violations of state law "implicates important interests concerning the state's police power," *id.*; and the Plaintiff has the opportunity to raise any challenges regarding the right to a speedy trial and excessive bail in the state courts.

Because the three conditions for *Younger* abstention are satisfied, and because the Court finds no extraordinary circumstances justifying an exception to *Younger* abstention, the Court must abstain from considering the merits of the Plaintiff's claims. *See Kugler v. Helfant*, 421 U.S. 117, 125 (1975) (providing that, to qualify as "extraordinary," the circumstances must create "an extraordinarily pressing need for immediate federal equitable relief"); *see also Johnson*, 32 F.4th at 1099–1102 (holding *Younger* abstention was appropriate on speedy trial claim). Accordingly, the Complaint is due to be dismissed without prejudice. *See Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) ("Dismissals pursuant to the *Younger* abstention doctrine are without prejudice.") (citation omitted).

### b.    Prosecutorial Immunity

Secondly, the Eleventh Circuit has consistently held that "[p]rosecutors performing 'prosecutorial functions' receive absolute immunity and are therefore not subject to suit under 42 U.S.C § 1983." *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (citing *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999)).

"Prosecutorial immunity applies . . . to the prosecutor's actions in initiating a prosecution and presenting the State's case." *Jackson*, 534 F. App'x at 859 (quoting *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009)). Importantly, "the determination of absolute prosecutorial immunity depends on the nature of the function performed, not whether the prosecutor performed that function incorrectly or even with dishonesty, such as presenting perjured testimony in court." *Hart*, 587 F.3d at 1298 (citing *Jones v. Cannon*, 174 F.3d 1271, 1289 (11th Cir. 1999)). Thus, even assuming Defendant Johnson did in fact present perjured testimony to the grand jury and has prolonged the Plaintiff's criminal case by seeking continuances and mental evaluations, it is clear from the Complaint that she was presenting the State's case and performing a prosecutorial function. Accordingly, she is entitled to prosecutorial immunity.

## III.   CONCLUSION

Generally, the Court will afford a *pro se* prisoner an opportunity to amend his complaint at least once. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014). However, the Court is not required to allow an amendment that would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). An amendment is considered futile if the complaint as amended "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510

F.3d at 1310).  Because this Court's review of the Plaintiff's claims is not permitted under the *Younger* abstention doctrine, and because he seeks monetary relief from a defendant who is immune from such relief, the Court concludes that an amendment would be futile.

Accordingly, based on the foregoing, it is **ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 13th day of August, 2026.

_____
BILL LEWIS
UNITED STATES DISTRICT JUDGE

5